WIEGMAN et al., Appellants, v. MORIMURA et al., Respondents. (City Court of New York, General Term. June 20, 1894.) Action by John H. Wiegman and another against Ichitaro Morimura and others. Ten Eyck & Remington, for appellants. Lehmaier & Williams, for respondents.

FITZSIMONS, J. The trial justice was right in dismissing the complaint. There is no evidence showing that the defendants in any way were responsible for the acts of the constable. It does not appear that the levy made by him was instigated or suggested by the defendants, or any other person acting for them; besides, it does not appear that the plaintiffs were copartners, a necessary thing to be shown in this case because of the allegation in the complaint that plaintiffs are copartners, and its denial by the defendants' answer. For these and the other reasons which induced the trial justice to dismiss the complaint, the judgment must be affirmed, with costs.

In re WILLIAMS. (Supreme Court, General Term, Second Department. May 14, 1894.) Appeal from surrogate court, Kings county. Application of Amy Williams to remove an executor, and for leave to file further objections to said executor's account. I. Newton Williams, for appellant. Scott & Upson, opposed.

PRATT, J. We find no reason to remove the executor. So far as the papers show, his duties have been conscientiously performed. According to the decision of the surrogate, it appears that the mother received, under the will, a life estate in several houses in New York city, on which the executor collected upward of $111,000 rents, and paid the net proceeds,—$72,000,—to the mother. When the executor's accounts are filed, the ruling is made that the executor, as such, had no right to collect the rents, nor to charge commissions therefor. But his good faith is not impeached, and, if the beneficiaries under the will are to be allowed to file objections at this late day, it should be upon conditions as strict as those imposed below. It may be added that it was a matter of discretion with the surrogate, which this court cannot well reverse. Order appealed from affirmed, with costs.

WILLIAMS, Respondent, v. DATER, Appellant. (Supreme Court, General Term, Third Department. July 14, 1894.) Action by John T. Williams against Calvin Dater. No opinion. Judgment affirmed, with costs.

WILMERDING, Appellant, v. FIELD et al., Respondents. (Supreme Court, General Term, First Department. March, 1894.) Action by John C. Wilmerding against Marshall Field and others. No opinion. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs.

WILSON, Appellant, v. HEATH, Respondent. (Supreme Court, General Term, Fifth Department. June 20, 1894.) Action by Lizzie Wilson against Maria Heath, as executrix, etc. No opinion. Motion to strike case from the calendar and for affirmance granted, on default. See 22 N. Y. Supp. 833.

WOLF, Respondent, v. ANCIENT ORDER OF AMERICAN STAR, Appellant. (City Court cf New York, General Term. June 20, 1894.) Action by Lena Wolf against the Ancient Order of American Star. Wm. N. Loew, for appellant. A. P. Wagener, for respondent.

FITZSIMONS, J. The contest in this case was solely one of fact for the jury to determine. They evidently believed plaintiff's version, and disbelieved defendant's, as they had a right. The evidence is quite sufficient to sustain the verdict. Finding no error, the judgment must be affirmed, with costs.

WOODS et al., Respondents, v. DICKINSON, Appellant. (Supreme Court, General Term, First Department. May 18, 1894.) Action by Michael L. Woods and another against Perez Dickinson. H. Odell, for appellant. R. G. Bartlett, for respondents. No opinion. Judgment affirmed, with cos s, on opinion of referee; FOLLETT and PARKER, JJ., concurring; VAN BRUNT, P. J., dissenting, on the ground that section 190 of the Revised Statutes of the United States applies, and prevents recovery.